# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1709

_____

Mark Christians

*Plaintiff - Appellant*

v.

Nancy Christensen, Retired Unit Manager at Mike Durfee State Prison, Individual Capacity; Laurie Stratman, Unit Coordinator at Mike Durfee State Prison, Individual and Official Capacity; Jessica Cook, Associate Warden at SDSP, Individual Capacity; Derek Ekeren, Unit Manager at Jameson, Individual and Official Capacity; J. Dreiske, Terminated Deputy Warden at SDSP, Individual Capacity; Seth Hughes, Unit Manager at Jameson, Individual and Official Capacity; Cathy Wynia, Special Security at SDSP, Individual and Official Capacity; Richard Johnston, Associate Warden at SDSP, Official Capacity; Darin Young, Terminated Warden, Individual Capacity; Joseph Roemmich, Warden SDSP, Official Capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Southern Division

_____

Submitted: March 23, 2026
Filed: April 3, 2026
[Unpublished]

_____

Before LOKEN, GRUENDER, and KOBES, Circuit Judges.

_____

Appellate Case: 25-1709      Page: 1      Date Filed: 04/03/2026 Entry ID: 5625157

PER CURIAM.

South Dakota prisoner Mark Christians appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action.

Upon careful review, we agree with the district court that summary judgment was proper on Christians's due process claims related to prison disciplinary proceedings, as he failed to show he suffered an atypical or significant hardship as a result of the proceedings.  See Morris v. Cradduck, 954 F.3d 1055, 1058 (8th Cir. 2020) (standard of review); Smith v. McKinney, 954 F.3d 1075, 1082 (8th Cir. 2020). We also conclude that summary judgment was proper as to Christians's remaining claims, based on his failure to exhaust administrative remedies.  See Townsend v. Murphy, 898 F.3d 780, 783 (8th Cir. 2018) (standard of review); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003).  We reject Christians's arguments that utilizing the grievance system was optional, and that he was excused from utilizing it because he had filed numerous unsuccessful grievances.  See Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002) (en banc).  Christians also contended that defendants engaged in threatening and retaliatory behavior that prevented him from exhausting administrative remedies, but we conclude he failed to establish that the alleged conduct made administrative remedies unavailable to him.  See East v. Minnehaha County, 986 F.3d 816, 821 (8th Cir. 2021).  As to Christians's specific allegations concerning unit manager Derek Ekeren, including the allegation that Ekeren threatened Christians with retaliation if he submitted any more grievances to Ekeren, Christians did not pursue grievances against Ekeren by submitting them to other prison staff, and he therefore failed to exhaust available administrative remedies for these claims.  See Hammett v. Cofield, 681 F.3d 945, 948 (8th Cir. 2012) (per curiam).

---

[1]The Honorable Lawrence L. Piersol, then United States District Judge for the District of South Dakota, took inactive status on July 31, 2025.

Appellate Case: 25-1709     Page: 2     Date Filed: 04/03/2026 Entry ID: 5625157

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.  We also deny Christians's pending motions as moot.

_____

Appellate Case: 25-1709     Page: 3     Date Filed: 04/03/2026 Entry ID: 5625157